**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| MODENA NAVIGATION LLC, | ) | Case No. 2:25-cv-00 |
|  | ) |  |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| MAZDA MOTOR CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Modena Navigation LLC ("Modena" or "Plaintiff") for its Complaint against Defendant Mazda Motor Corporation ("Mazda" or "Defendant") alleges as follows:

**THE PARTIES**

1.      Modena is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2.      Upon information and belief, Mazda is a Japanese corporation with its principal place of business located at 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima 730-8670, Japan. Mazda is one of the largest car manufacturers and sellers in the word and in the United States. Upon information and belief, Mazda does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

4.      This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6.      Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## **PATENTS-IN-SUIT**

7.      On June 10, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,385,881 (the "'881 Patent ") entitled "Display Mode Control Method for an Electronic Device."  A true and correct copy of the '881 Patent is available at: https://patentimages.storage.googleapis.com/6d/d0/bf/d86f352663592d/US7385881.pdf.

8.      On June 21, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,966,124 (the "'124 Patent") entitled "Navigation Device and its Navigation Method for Displaying Navigation Information According to Travelling Direction."  A true and correct copy of the '124 Patent is available at: j/https://patentimages.storage.googleapis.com/b8/43/e8/79408db0fae575/US7966124.pdf.

9.     On March 6, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,131,461 (the "'461 Patent") entitled "Navigation Methods and Systems". A true and correct copy of the '461 Patent is available at: https://patentimages.storage.googleapis.com/7d/5c/43/8a6f03d19207a2/US8131461.pdf.

10.     On April 16, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,423,286 (the "'286 Patent") entitled "Method for Displaying Activity Information on a Navigation device and Related Navigation Device."  A true and correct copy of the '286 Patent is available at: https://patentimages.storage.googleapis.com/3d/9c/03/9ed099b924ce32/US8423286.pdf.

11.     Modena is the sole and exclusive owner of all right, title, and interest in the '881 Patent, the '124 Patent, the '461 Patent, and the '286 Patent (collectively, the "Patents-in-Suit" or "Asserted Patents") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Modena also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

12.     The Accused Products comprise all Mazda vehicles made, sold, offered for sale, distributed, imported into the United States, and exported from the United States, including but not limited to all trims and configurations of the following 2020-2026 vehicle models: Mazda 3 Sedan, Mazda3 Hatchback, Mazda CX-90, Mazda CX-90 Phev, Mazda CX-70, Mazda CX-70 Phev, Mazda CX-50, Mazda CX-30, Mazda CX-5, Mazda MX-5 Miata, and Mazda MX-5 Miata RF, among other vehicles (collectively, the "Accused Products"). The Accused Products further

comprise any and all components, accessories, applications, services, and devices identified herein, including but not limited to Mazda Connect and Mazda Connected Services.

13.     Upon information and belief, all 2021-2026 Mazda vehicles come with Mazda Connect and Mazda Connected Services.[1] MyMazda app and Mazda Connected Services can be displayed and controlled on the in-vehicle car screen.



14.     The '881 Patent generally relates to a display mode control method including the steps of: enabling an electronic device to determine the time of day; and enabling the electronic

---

[1] See Mazda Connect and Mazda Connected Services Guide (Updated March 2020).  Available at: https://www.mazdausa.com/siteassets/pdf/owners-optimized/optimized-connected-vehicle/mazda-connect-and-connected-services-user-guide.pdf.

[2] See Id. at 14.

device to operate a display panel thereof in a first display mode when the time of day corresponds to nighttime, and in a second display mode when otherwise. The technology described in the '881 Patent was developed by Yu-Chien Huang at MiTAC International Corp. For example, this technology is implemented in Mazda infotainment systems, known as Mazda Connect, and Mazda's navigation systems, including previous versions thereof, in all trims and configurations, included in the Accused Products.

15.     The '124 Patent generally relates to a system and method used for displaying navigation information according to a traveling direction of the navigation device.  The technology described in the '124 Patent was developed by Neng Liu at MiTAC International Corp. For example, this technology is implemented in Mazda's infotainment systems and Mazda's navigation systems, including previous versions thereof, in all trims and configurations, such as the Accused Products.

16.     The '461 Patent generally relates to a system and method device navigation route planning based on a navigation condition. The technology described in the '461 Patent was developed by Hui-Ching Chuang at MiTAC International Corp. For example, this technology is implemented in Mazda's infotainment systems and Mazda's navigation systems, including previous versions thereof, in all trims and configurations, such as the Accused Products.

17.     The '286 Patent generally relates to a system and method for receiving a positioning signal, displaying a navigation map corresponding to the positioning signal, receiving a plurality of activity information with latitude and longitude, providing an information preference menu, and displaying an activity icon of corresponding activity information on a corresponding activity location of the navigation map according to the setting of the information preference menu and the latitude and longitude.  The technology described in the '286 Patent was developed by Shun-Cheng

Hung at MiTAC International Corp. For example, this technology is implemented in Mazda's infotainment systems and Mazda's navigation systems, including previous versions thereof, such as in the Accused Products.

18.    Mazda has infringed and continues to infringe the Patents-in-Suit by one or more of making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing the Accused Products, which are used or tested by Mazda and its direct or indirect customers or users in the United States.

## COUNT I
### (Infringement of the '881 Patent)

19.    Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20.    Modena has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '881 Patent.

21.    Defendant has and continues to directly infringe the '881 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '881 Patent. The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the 2025 Mazda 3. The 2025 Mazda 3 is exemplary and representative of how the Accused Products infringe the '881 Patent.

22.    For example, Defendant has and continues to directly infringe at least claim 1 of the '881 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the

2025 Mazda 3, among other products.

23.     The 2025 Mazda 3 performs a display mode control method to be implemented in an electronic device having a display panel for showing navigational map information. The 2025 Mazda 3 performs the step of enabling the electronic device to determine the time of day (e.g., through the Multimedia Interface's internal clock, light sensors, or headlight system). The 2025 Mazda 3 performs the step of enabling the electronic device to operate the display panel in a nighttime display mode when the time of day corresponds to nighttime, and in a daytime display mode when the time of day is otherwise; wherein the navigational map information is shown on the display panel in a light shade against a dark background when the display panel is operated in the nighttime display mode, and in a dark shade against a light background when the display panel is operated in the daytime display mode.









---

[6] https://www.reddit.com/r/mazda3/comments/wq4c58/automatic_nighttime_maps/.  Embedded video at 0:09. Screenshot taken 11/10/2025



24.     Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, such as at trade shows, Mazda has used the Accused Products in a manner that directly infringes at least claim 1 of the '881 Patent

25.     Defendant has and continues to indirectly infringe one or more claims of the '881 Patent by knowingly and intentionally inducing others, including Mazda customers and end-users,

---

[7] 7 https://www.reddit.com/r/mazda3/comments/wq4c58/automatic_nighttime_maps/.  Embedded video at 0:06.  Screenshot taken 11/10/2025

to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

26.    Defendant, with knowledge that these products, or the use thereof, infringe the '881 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '881 Patent by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '881 Patent at least as early as the issuance of the '881 Patent.

27.    Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '881 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's websites, product literature and packaging, and other publications.[8] For example, Defendant prepares and provides customers and end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle

---

[8]    https://infotainment.mazdahandsfree.com/settings-customize?language=en-NA    "Mazda connect: Settings: Customize: Customize Active Driving Display (AD-DISP), If Equipped".

information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

28.    Because of Defendant's inducement, Defendant's customers and end-users use the Accused Products in a way Defendant specifically intends and directly infringe the '881 Patent. Defendant performs these affirmative acts with knowledge of the '881 Patent and with the specific intent, or willful blindness, that the induced acts directly infringe the '881 Patent.

29.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '881 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '881 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '881 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '881 Patent. Defendant performs these affirmative acts with knowledge of the '881 Patent and with intent, or willful blindness, that they cause the direct infringement of the '881 Patent.

30.    Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '881 Patent in an amount to be proved at trial.

31.    Modena has suffered, and will continue to suffer, irreparable harm as a result of

Defendant's infringement of the '881 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**COUNT II**
**(Infringement of the '124 Patent)**

32.     Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

33.     Modena has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '124 Patent.

34.     Defendant has and continues to directly infringe the '124 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '124 Patent. The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the 2025 Mazda 3. The 2025 Mazda 3 is exemplary and representative of how the Accused Products infringe the '124 Patent.

35.     For example, Defendant has and continues to directly infringe at least claim 1 of the '124 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the 2025 Mazda 3, among other products.

36.     The 2025 Mazda 3 performs a navigation method for displaying navigation information according to a traveling direction of a navigation device, comprising the following steps: receiving at least one positioning signal from a positioning system, and retrieving a current position of the navigation device according to the positioning signal, for determining a direction

parameter according the traveling direction of the navigation device. The Mazda 3 performs the step of determining a destination on a navigation map and generating a navigation route for navigating from the current position to the destination. The Mazda 3 performs the step of initializing the current position and the navigation map to generate a first displaying parameter of the current position (e.g., a map focused on the current position of the vehicle in relation to points of interest and upcoming turns) and a second displaying parameter of the navigation map (e.g., turning directions on the corner of the display). The Mazda 3 performs the step of dynamically adjusting the first displaying parameter of the current position according to the direction parameter (e.g., refreshing the map to reflect a new vehicle position in relation to points of interest and upcoming turns). The Mazda 3 performs the step of dynamically adjusting the second displaying parameter of the navigation map according to the first displaying parameter; and displaying the current position according to the first displaying parameter. The Mazda 3 performs the step of fetching a corresponding displayed section of the navigation map according to the second displaying parameter and displaying the corresponding displayed section of navigation map in a navigation information frame (e.g., displaying new turning directions in the corner of the display).

### 2.4.3.2 Turn preview and Next street

When navigating a route, the top section of the Map screen shows information about the next manoeuvre, street or town/suburb.
There is an area at the top left part of screen which indicates the next operation. Displays both the event type (such as turning, detouring, exiting expressways) and the distance from the current position.
When the next event approaches, the second event is displayed using a small icon. If there is no second event, only the next event is displayed.



9

---

[9] Mazda Navigation System Owner's Manual at 14.  2019 Mazda Motor Corporation available at: https://owners-manual.mazda.com/gen/en/navi/navi_v1.pdf.

### 2.4.3.3 Lane information and Signposts

When navigating on multilane roads, it is important to take the appropriate lane in order to follow the recommended route. If lane information is available in the map data, the navigation system displays the lanes and their directions using small arrows at the bottom of the map. Highlighted arrows represent the lanes and direction you need to take.

Lane guidance is provided constantly if there is map information. Signposts are displayed at the top of the map. The colour and style of the signposts are similar to the real ones you see above road or by the roadside. They show the available destinations and the number of the road the lane leads to.

When navigating a route, only the signpost that points to the lane(s) to be taken is displayed in bright colours; all others are darker. All signposts and lane guidance arrows are displayed in vivid colours while driving (when there is no recommended route).





10

---

[10] Mazda Navigation System Owner's Manual at 16.  2019 Mazda Motor Corporation available at: https://owners-manual.mazda.com/gen/en/navi/navi_v1.pdf.



37.    Defendant has and continues to indirectly infringe one or more claims of the '124 Patent by knowingly and intentionally inducing others, including Mazda customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

38.    Defendant, with knowledge that these products, or the use thereof, infringe the '124 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '124 Patent by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '124 Patent at least as early as the issuance of the '124 Patent.

39.    Defendant has and continues to induce infringement by others, including customers

---

[11] Mazda Navigation System Owner's Manual at 17.  2019 Mazda Motor Corporation available at: https://owners-manual.mazda.com/gen/en/navi/navi_v1.pdf.

and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '124 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's websites, product literature and packaging, and other publications.[12] For example, Defendant prepares and provides customers and end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner.  On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

40.    Because of Defendant's inducement, Defendant's customers and end-users use Accused Products in a way Defendant specifically intends and directly infringe the '124 Patent. Defendant performs these affirmative acts with knowledge of the '124 Patent and with the specific intent, or willful blindness, that the induced acts directly infringe the '124 Patent.

41.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '124 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District

---

[12] See Mazda Navigation System Owner's Manual.  2019 at 12-24. Mazda Motor Corporation available at: https://owners-manual.mazda.com/gen/en/navi/navi_v1.pdf.

and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '124 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '124 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '124 Patent.  Defendant performs these affirmative acts with knowledge of the '124 Patent and with intent, or willful blindness, that they cause the direct infringement of the '124 Patent.

42.    Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '124 Patent in an amount to be proved at trial.

43.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '124 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '461 Patent)

44.    Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

45.    Modena has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '461 Patent.

46.    Defendant has and continues to directly infringe the '461 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '461 Patent. The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the

2025 Mazda 3. The 2025 Mazda 3 is exemplary and representative of how the Accused Products infringe the '461 Patent.

47.    For example, Defendant has and continues to directly infringe at least claim 7 of the '461 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the Mazda 3, among other products.

48.    The 2025 Mazda 3 performs a method for use in an electronic device. The 2025 Mazda 3 performs the step of generating a route planning result according to at least a destination by the electronic device. The 2025 Mazda 3 performs the step of performing a navigation process according to the route planning result by the electronic device; determining whether at least one navigation condition has occurred (e.g., a waypoint or destination being reached). The 2025 Mazda 3 performs the step of when the navigation condition has occurred, displaying a position schematic diagram, wherein the position schematic diagram comprises the destination and a current position of the electronic device, wherein the determination of whether the navigation condition has occurred is performed by determining whether the navigation process based on the route planning result has terminated.



---

[13] See Mazda Navigation System Owner's Manual.  2019 at 55. Mazda Motor Corporation available at: https://owners-manual.mazda.com/gen/en/navi/navi_v1.pdf.



49.    Defendant has and continues to indirectly infringe one or more claims of the '461

Patent by knowingly and intentionally inducing others, including Mazda customers and end-users,

to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering

to sell, selling, and/or importing into the United States products that include infringing technology.

50.    Defendant, with knowledge that these products, or the use thereof, infringe the '461

Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues

to knowingly and intentionally induce, direct infringement of the '461 Patent by providing these

---

[14] See Mazda Navigation System Owner's Manual.  2019 at 56. Mazda Motor Corporation
available at: https://owners-manual.mazda.com/gen/en/navi/navi_v1.pdf.

products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '461 Patent at least as early as the issuance of the '461 Patent.

51.     Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '461 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's websites, product literature and packaging, and other publications.[15] For example, Defendant prepares and provides customers and end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

52.     Because of Defendant's inducement, Defendant's customers and end-users use

---

[15] See Mazda Navigation System Owner's Manual. 2019 at 25-61. Mazda Motor Corporation available at: https://owners-manual.mazda.com/gen/en/navi/navi_v1.pdf.

Accused Products in a way Defendant specifically intends and directly infringe the '461 Patent. Defendant performs these affirmative acts with knowledge of the '461 Patent and with the specific intent, or willful blindness, that the induced acts directly infringe the '461 Patent.

53.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '461 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '461 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '461 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '461 Patent. Defendant performs these affirmative acts with knowledge of the '461 Patent and with intent, or willful blindness, that they cause the direct infringement of the '461 Patent.

54.    Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '461 Patent in an amount to be proved at trial.

55.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '461 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '286 Patent)

56.    Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

57.    Modena has not licensed or otherwise authorized Defendant to make, use, offer for

sale, sell, or import any products that embody the inventions of the '286 Patent.

58.     Defendant has and continues to directly infringe the '286 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '286 Patent.  The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the 2025 CX-90-PHEV. The 2025 CX-90-PHEV is exemplary and representative of how the Accused Products infringe the '286 Patent.

59.     For example, Defendant has and continues to directly infringe at least claim 1 of the '286 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the 2025 CX-90-PHEV, among other products.

60.     The 2025 CX-90-PHEV, using the MyMazda APP MAP performs method for displaying activity information on a navigation device, the method comprising.  The 2025 Mazda 3 performs the step of receiving a positioning signal (e.g., GPS system). The 2025 CX-90-PHEV performs the step of displaying a navigation map corresponding to the positioning signal.  The 2025 CX-90-PHEV performs the step of receiving a plurality of activity information with latitude and longitude (e.g., The 2025 CX-90-PHEV working with over-the-air receivers).



**Using the MyMazda APP MAP**

Touch MAP on the Home screen to open the map screen.

❶ **Search Experience**
Use this when searching a spot on the map.
🔗 Using the MyMazda APP Main Navigation Menu/SEARCH

❷ **Shortcut Menu**
· **DEALERS**
Displays nearby dealers.
· **MY DEALER**
Displays your Preferred Dealer.
· **FUEL/CHARGE**
Displays a nearby gasoline stations / charging stations.
· **FAVORITE**
Displays spots registered to your Favorites.
🔗 Using the MyMazda APP Main Navigation Menu/SEARCH/Options/Favorite
· **MY CAR**
Displays the vehicle location.
🔗 Using Vehicle Finder

16

61.    The 2025 CX-90-PHEV performs the step of providing an information preference menu. The 2025 CX-90-PHEV performs the step of displaying an activity icon of corresponding activity information on a corresponding activity location of the navigation map according to the setting of the information preference menu and the latitude and longitude. The 2025 CX-90-PHEV performs the step of providing a reminder message when a current location of the navigation device is closer within a predetermined distance from the activity icon on the navigation map.

---

 [16] Mazda Connected Services Manual; Using Connected Service; Using the MyMazda APP MAP.  Available at: https://www.mazdausa.com/static/manuals/mazda-connected-service/chapter4/section11.html.

HOME • HOW DO I FIND PUBLIC CHARGING STATIONS NEAR ME?

**HOW DO I FIND PUBLIC CHARGING STATIONS NEAR ME?**

Owners can use their MyMazda App account to search for and navigate to nearby public charging stations within Chargepoint's network. Owners can also link their Chargepoint account to their MyMazda App account for expanded public charging station functionality. With this integration, owners can view available stalls, check current pricing and pay for their charging sessions within the MyMazda App. Alternatively, owners can visit ChargePoint https://na.chargepoint.com/charge_point to find public charging stations near you.

[17]

62.    Defendant has and continues to indirectly infringe one or more claims of the '286 Patent by knowingly and intentionally inducing others, including Mazda customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

63.    Defendant, with knowledge that these products, or the use thereof, infringe the '286 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '286 Patent by providing these products to customers and end-users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '286 Patent at least as early as the issuance of the '286 Patent.

64.    Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '286 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available

---

[17] Mazda USA FAQ: How Do I Find Public Charing Stations Near Me?  Available at: https://faq.mazdausa.com/s/article/How-do-I-find-public-charging-stations-near-me.

information on the infringing technology via Defendant's websites, product literature and packaging, and other publications.[18] For example, Defendant prepares and provides customers and end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

65.    Because of Defendant's inducement, Defendant's customers and end-users use Accused Products in a way Defendant specifically intends and directly infringe the '286 Patent. Defendant performs these affirmative acts with knowledge of the '286 Patent and with the specific intent, or willful blindness, that the induced acts directly infringe the '286 Patent.

66.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '286 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '286 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '286 Patent, are not staple articles or commodities of

---

[18] See Mazda Connected Services Manual; Using Connected Service; Using the MyMazda APP MAP. Available at: https://www.mazdausa.com/static/manuals/mazda-connected-service/chapter4/section11.html.

commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '286 Patent. Defendant performs these affirmative acts with knowledge of the '286 Patent and with intent, or willful blindness, that they cause the direct infringement of the '286 Patent.

67.    Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '286 Patent in an amount to be proved at trial.

68.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '286 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Modena prays for relief against Defendant as follows:

a.    Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patents-in-Suit;

c.    An order awarding damages sufficient to compensate Modena for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.    Entry of judgment declaring that this case is exceptional and awarding Modena its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.      Such other and further relief as the Court deems just and proper.

Dated:  November 14, 2025                    Respectfully submitted,

                                            */s/ John A Rubino*
                                            John Andrew Rubino
                                            NY Bar No. 5020797
                                            Email: jarubino@rubinoip.com
                                            Michael Mondelli III
                                            NY Bar No. 5805114
                                            Email: mmondelli@rubinoip.com
                                            **RUBINO IP**
                                            51 J.F.K. Parkway
                                            Short Hills, NJ, 07078
                                            Telephone: (201) 341-9445
                                            Facsimile: (973) 535-0921

                                            ***ATTORNEYS FOR PLAINTIFF,
                                            MODENA NAVIGATION LLC***